was convicted at trial of two counts of kidnapping. The government's allegation was that the two kidnappings culminated in sexual assaults. The district court ultimately sentenced Mr. Ahmed to 480 months imprisonment. On appeal, Mr. Ahmed raises issues both with respect to the trial and what happened at sentencing. Subject to the court's questions and time, I intend to start with the trial-related issues and progress on to sentencing issues. Now, as I said, Mr. Ahmed was charged in an indictment with two counts of kidnapping. Before trial, he moved pursuant to Rule 14a of the Federal Rules of Criminal Procedure for severance of those two counts so that he could have separate trials regarding the separate allegations of kidnapping. Some factual background regarding the two counts is appropriate at this point. Count 1 pertained to an allegation from a victim we refer to as O.B. of kidnapping on August 21st of 2019. Specifically, the allegation was that Mr. Ahmed forced O.B. into a vehicle in downtown Sioux City near the Hard Rock Casino, drove her the assault against her. Count 2 pertained to a victim named A.J. You may also see her referred to as A.H. in the district court pleadings. Her last name transitioned at some point during the case. The allegation there was that Mr. Ahmed kidnapped her on September 16th of 2020 in downtown Sioux City, drove her to a park on the outskirts of Sioux City several miles away, and committed a sexual assault. Now, Mr. Ahmed, as I said, moved for severance of those counts pursuant to Rule 14a. There's no question they were properly joined under Rule 8a because, based on the description I just gave, clearly they're of a similar character. The issue was whether under 14a, joinder of the two counts was so prejudicial to Mr. Ahmed that severance was appropriate and separate trials were appropriate. The prejudice that we were concerned about was the spillover prejudice from one count of kidnapping to the other, in the same sense as the court addressed in the Aldrich case that I cited in the briefs, dealing with firearm offenses and the prejudicial spillover from firearm offenses that were predicated on the defendant's felony status versus another firearm offense. The concern here was that the jury notwithstanding weaknesses in the government's case on count one and count two, would be prone to ignore those weaknesses given the nature of the allegations that we were dealing with, again kidnapping, culminating in sexual assault, and the mere fact that there was more than one victim making an allegation. Ultimately, the district court denied Mr. Ahmed's motion based on its reading and our view, the court's misinterpretation of federal rule of evidence 413. Of course, the law on rule 14a says that if, notwithstanding any prejudice, if evidence of the one crime would be admissible in a separate trial on the second crime, there's no reason for severance in that case because the evidence is coming in nonetheless. Here the district court concluded under rule 413, which allows for the admission of evidence that a defendant committed another sexual assault in a case where he is accused of sexual assault, that both of the allegations in counts one and two would come in at a separate trial or a joint trial regardless. Now in our view, this is a misinterpretation of federal rule of evidence 413 because it only applies to a case where the defendant was charged. So are we free as a panel to agree with you here or help me get around, is it Blazek or Blazek in the Taylor case? I think I understand your argument, but I'm not sure how much flexibility we have. If you can convince me that we have the ability to with you here, that would be helpful. Sure. And the district court relied extensively on Blazek and in fact concluded that it was either binding or at least persuasive on this point against Mr. Ahmed's argument. I think the problem with reliance on Blazek is that this goes a step further than Blazek into a case where a defendant was not charged with an offense that involves any element whatsoever of sexual assault. The relevant conduct though would, right? I mean, in other words, and I'm wondering if our Taylor case, and I hope I'm citing the right one and not leading you off, basically allows us to go that step further. I think the court can take that step further and I don't think Blazek or Taylor says otherwise. So in Blazek, the defendant, the issue was rule 413D says that a state or federal offense involving conduct prescribed by chapter 109A is sexual assault. And the specific argument that the defendant made in Blazek was I'm charged with the offense of travel with intent to engage in a sexual act with a minor. That doesn't appear in chapter 109A and therefore rule 413 doesn't apply. And although there's some broad language in Blazek about the defendant not needing to be of an offense with an offense under chapter 109A, really what I view the holding as being is, yeah, that's true, but the conduct at issue must involve conduct at issue in chapter 109A or any of the other definitions of 413D. And in that case, the elements of that crime that Mr. Blazek was charged with would necessarily involve at least an attempt to commit a sexual assault because it involves, again, travel with intent to engage in sexual abuse. But excuse me, counsel, but the court didn't say anything like that. I mean, the court's language was general. I think your argument is an interesting one, but there's nothing in the court's opinion in Blazek as I read it that touches on or nothing and the result hinges on the points you're making about the particular charge. That's correct, Judge Arnold. There's no question Blazek is not helpful to Mr. Ahmed. My point is that it can't be read as broadly as the district court read it to hold basically that Mr. Ahmed can't make this argument because we were dealing with an offense in Blazek that did involve sexual assault, at least attempted sexual assault. But the court's reasoning didn't go there. I mean, it was a broader holding, it seems to me, I mean, arguably. That's the difficulty I see. I understand your argument. Sure. I agree the language preceding the holding is fairly broad, but I think the holding itself is limited to the circumstances of a case like Blazek when you're dealing with an offense that does involve some element of sexual assault. But I agree the language is very broad. It's a brief discussion I would also submit. So I don't think it's necessarily holding going beyond that to a case where you have an offense where there is no element of sexual assault whatsoever. In the record, there's nothing in that opinion that hints at that that wasn't an important fact in reaching the conclusion. I think that's true. Okay. But again, I don't agree. I think we agreed on what it said. Thank you. I don't think the court was presented with the issue. Unlike the court right case from the Seventh Circuit, which is the most helpful case to Mr. Ahmed, where the Seventh Circuit concluded that when we're talking about what it means to be accused of a sexual assault in Rule 413, we are talking about the formal sense of what the defendant was actually charged with and the elements of that. I think court right, contrary to the district court's conclusion in this case, is persuasive on this point. There was another Seventh Circuit case that seemed at least superficially to come out the other way. Isn't that right? I agree there's a later Seventh Circuit case that didn't even didn't even refer to court right. Right, which is odd because they were decided fairly close in time. Judge Posner was on both panels. Well, I like court right better. I think it is compelling. And you're talking about the Foley case, right? The Foley case, yes. Thank you. Be sure I follow the bouncing ball. Go ahead. Sure. So court right, is it correct in my view? Because it is true that the term accused of has two possible meanings. It could mean, you know, Mr. Fairchild's pen disappeared from his table. He could accuse me of taking his pen without charging me. And that would be a proper usage of accused. I hope he doesn't. But I think in this context, when you're dealing with the federal rules of evidence, you're dealing with a defendant, obviously, who has been charged with an offense and is facing proceedings as a result of that. So in that context, I think when you ask the question, what is the defendant accused of? The most natural response in this case would be, well, he's accused of two counts of kidnapping, meaning the formal sense of the charges with which he currently faces proceedings. On top of that, I think court right is correct to look at the advisory committee notes and note the distinction between Rule 412, where we have an advisory committee note that says accused means the broader non-technical sense of the term for Rule 412 versus Rule 413, which contains no such advisory committee note. When something in the federal rules of evidence is unclear, we look to the advisory committee notes for guidance. And the lack of broadening language in the advisory committee note to Rule 413 is significant in that sense, especially when you compare it to Rule 412. The advisory committee knows when to include language in the advisory committee notes to broaden language, and they didn't do that in Rule 413. I think court right is correct on that point. And a point that's made in the Wright and Miller treatise that I cited in support of Mr. Ahmed's argument, I think is also very cogent here. Rule 413 and its companion rule, Rule 414, dealing with child molestation, those are exceptions to the general principle that we have against propensity evidence in federal court. That's spelled out in Rule 404B. And in that sense, it's important to read these exceptions that are very powerful. Obviously, Rule 413 and Rule 414 evidence is very difficult to overcome. Those rules should be read narrowly in this circumstance, given that there's such exceptions to our general rule against propensity evidence. And the other reason to adopt Mr. Ahmed's reading of Rule 413 is kind of the absurdity point that's also made by Wright and Miller. If you adopt a reading of 413 that says, well, it doesn't matter what counts the defendant is facing, it just what the allegation is from the prosecutor as to what exactly happened, then you could have a circumstance where somebody who's charged with shoplifting who made incidental contact that would be of a sexual nature with the victim could be deemed as someone who has committed a sexual assault for purposes of that rule. And I don't think that can possibly be what the rule drafters intended when they drafted Rule 413. It's not a realistic possibility, don't you think, there'd be some kind of mens rea requirement before? I mean, an accidental bump, I don't think it's likely to be charged as a crime. Wouldn't be one, I don't think. Right. It wouldn't be charged as a crime. But if you look at 413d2 and d3, there is no mens rea requirement for the type of sexual contact that fits under the definition. What does it say? Sexual? Assault. Assault. Yeah. Right. I think assault requires some kind of mens rea. So I guess I'm just disagreeing. It does say commit is the verb. Commit an assault. So, no, it would be accused of if we're talking about the incident offense. Accused of a sexual assault, then evidence that the defendant committed a prior sexual assault would be admissible. But if you look at 413d2 and d3, there is no mens rea requirement. So I think Wright and Miller are correct that if you read rules... It says assault. 413d does, but in the definition of it, there's no mens rea requirement for under subsections d2 and d3. So it may be a fanciful example. I will acknowledge that. But it's the danger of not putting some sort of limit on what constitutes a sexual assault. I think that limit is what the elements thereof. So I'll move on from that issue, unless the court has any further questions. And just briefly, I think I'll move, given the amount of time we have left, to the final sentencing issue that I raised in the brief. We have made the argument, just as background, the district court essentially added five years to Mr. Ahmed's sentence from 35 to 40 years based on its conclusion that there was proof by a preponderance of sentencing that he committed three additional sexual assaults of CS. These are initials, obviously, NG and SH. We've made the general argument that that was unconstitutional. I recognize that that's not something this court can grant relief on. We're just preserving error there. But I do think it's an interesting issue with respect to whether the government proved, even by a preponderance, even considering the clear error standard at this point, the allegations of NG and SH. That doesn't apply to the allegations of CS. I think we have acknowledged those are proven by a preponderance of NG and SH. Neither of these victims were available to testify at sentencing. Of course, they didn't. I've pointed out the significant concerns with the veracity of their complaints. With respect to SH, lengthy history of crimes of dishonesty, including theft, forgery, and tampering with records. Moreover, we had the evidence from and testimony from the investigating officers regarding that incident that happened in a park in Sioux City. And they all concluded at the time of the incident that it was prostitution related. And in fact, there were messages on SH's phone, according to the officers at the time, that clearly showed it was prostitution related. But those messages were not available and not offered at sentencing. So I have deep concerns about the district court's conclusion that that a sexual assault added to Mr. Ahmed's already lengthy sentence. With respect to NG, she alleged that Mr. Ahmed attempted to, or did kidnap and attempted to sexually assault her on July 25th of 2018. The problem there is there was a lot of evidence that it had the hallmarks of a prostitution encounter as well. The evidence showed at sentencing that on August 20th of 2018, so less than a month later, NG had an interaction with the Sioux City Police Department where she indicated that she was prostituting herself to feed her drug habit and she didn't think that she could stop. So in light of that, there were deep concerns in my view as to whether there was proof by preponderance of those allegations that added essentially five years to Mr. Ahmed's sentence. I don't know if there are questions I'd ask to reserve the remainder of my time for rebuttal. You may. Thank you. Mr. Fairchild. May it please the court, counsel. My name is Ford Fairchild and I represent the United States in this matter. In Blasek in 2005, this court said rule 413 does not require that the defendant be charged with a 109A offense, only that the incident events involve conduct prescribed by the chapter. It then went on to do a conduct analysis, which is what the district court in this case did. In 2014, in Rodriguez, a panel of this court in a kidnapping case did an examination of conduct and determined the district court there had not abused its discretion in allowing 413 evidence or evidence within 413. This makes it clear, I think, that the district court here following the advice, if not binding, persuasive, Blasek, following that logic and then doing what this court did in Rodriguez and doing a conduct comparison, it did not abuse its discretion in allowing that evidence in. Now, my learned colleague relies heavily on the Seventh Circuit opinion in court right and it, of course, relies on the notes of 412. What's interesting here is my colleague here, he hears the silence in the notes of 413 and says they're deafening, but here's the difference. 412 was supported by the committee. 413 was as vigorously opposed by the committee as it is my learned colleague here. Why that matters is, of course, then the notes don't have any definition or broadening of the definition because the committee was against it. Also, importantly, Congress passed it anyway and in the notes on 413, one of the, you know, listen, I understand the problem is congressional intent and trying to figure out what it means, but we have the words of the House of Representatives floor pusher and she says, why do we need this law? Because sexual assaults are the only violent crime where intent is the go-to defense is consent. And Congress then specifically enacted 413 and the member of the House of Representatives said, I urge the courts to liberally construe 413. That's what I'm asking the court to do here. That, I think, is not even necessary. I think the court just follows the wisdom of Bleszik and Radivickas. Additionally, I would say Foley not only contradicts court right, the Seventh Circuit case that contradicts court right, it also reminds us when we're talking about the rules of evidence, we are typically talking about factual conduct comparison. That's what the rules of evidence typically do, which then makes sense why 413 would have the courts engage in a conduct analysis. When the district courts are free to do a conduct analysis like it did in this case, it compares apples to apples and sees that this defendant committed two sexual assaults within, and both went to trial at the same time. I want to point out the defendant has said that these cases were weak and needed to be buttressed by one another. And of course, they got better because they were tried together. But these cases individually were strong. In both cases, you have a victim who doesn't know the defendant, who is then subjects herself to the indignity of a sexual assault examination at a hospital, and then provides such good identification of the defendant and his vehicle, or his vehicle, that law enforcement are able to find him. And when they find him, defendant reveals the consciousness of his guilt by saying, I don't even know these ladies. And the DNA comes back, confirming the victim's account. So these cases are independently strong. But when they're put together, yes, they become stronger. Why? Because it makes it more difficult for the defense attorney, for the defendant to say, this was consent. And that is just what he did in sentencing, as well as in trial. And he did it here again, too. He has deep concerns about the sentencing record, because clearly showed it was prostitution related. That's not in the record. Law enforcement suspected prostitution. Yeah. And I would submit to you, vice units often suspect drugs are going to be where they search. And they often think every woman after dark is engaged in prostitution. That's kind of the nature of the business. But in this case, the victims denied that they were involved in prostitution. And there was no conclusive finding that they were involved in prostitution. And by the way, to be vulgar, prostitutes can get raped, too. And both of these women, after their interaction with the defendant, didn't go to the bank, didn't go celebrate at Pizza Hut, they contact law enforcement. And that's in the sentencing record. And armed with that information, it was wholly appropriate for the district court to say, I have a guideline range of 360 to life. Seems like committing two kidnapping counts and being convicted of it. And then having these three other, four other, three other allegations proved by a preponderance warrants something above the bottom of the guideline range. For those reasons, then, there was no abuse of discretion in allowing the 413 evidence. That dovetails into the motion and limine where the government was allowed two additional witnesses. One died before trial. So we got one additional victim in. She testified subject to cross. That's CS. And then all of this comes together for the sentencing record. The defendant doesn't like 413. Neither did the people sitting on the committee who wrote the notes. But Congress did. And it's urged this court to apply it liberally, interpret it liberally. Here, the district court engaged in conduct analysis and reached a conclusion that the government has and urges this court to as well. Unless there are any questions from the bench, I will take my leave. Thank you. Thank you. Mr. Hanson. Thank you, your honors. Just two brief points. In response to the Rodriguez case, I think everyone finds it interesting because it involved a kidnapping with Rule 413 evidence. The problem for the government is this issue that we're dealing with here today was not raised in Rodriguez. The issue brought before the 8th Circuit in Rodriguez was the constitutionality of this Rule 413 evidence, not this issue of, well, the defendant wasn't charged with a sexual assault. So Rodriguez, of course, is not binding. And I don't think it's persuasive because it doesn't address this issue. With respect to the Foley case from the 7th Circuit, Mr. Fairchild pointed out that part of the reasoning by that panel there was this notion that the federal rules of evidence, they deal with facts and not with an elemental approach. And I disagree with that. Rule 608 and Rule 609, the rules on impeachment, of course, extrinsic evidence of impeachment is not admissible unless it's a criminal conviction with elements that constitute dishonesty or if So that's not true. And it is a significant portion of the reasoning in Foley for which there's no support listed in Foley. And I think Rule 608 and Rule 609 stand contrary to that particular reasoning. If there are no further questions, I'd ask the court to grant Mr. Medrelief. Thank you very much. Thank you. The court thanks both counsel for their argument. Case 23-3449 is submitted for decision by the